**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **KYUNG H. KANG, et al.,** | * |
| Plaintiffs, | * |
| v. | *     Case No.: GJH-18-2889 |
| | * |
| **CHARLES S. CHAS, et al.** | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Kyung H. Kang and KS Kang, Inc. have been involved in a lengthy dispute with Defendants Charles S. Chas and In Sook Chas over payments related to Plaintiffs' purchase of a dry-cleaning business in 2006. In 2014, Defendants secured a judgment of confession in Maryland state court stating that Plaintiffs owed $79,731.66 to Defendants. ECF No. 1 at 5. In 2017, Plaintiff brought a separate action for unjust enrichment and fraud, alleging that judgment of confession had been satisfied. *See Kang v. Chas*, No. PX-17-2332 (D. Md. Jan. 23, 2018). That action, after being removed to this Court, was dismissed. Now, Plaintiffs seek a declaratory judgment, alleging once more that the judgment of confession has been satisfied. ECF No. 1-2. Defendants have filed a Motion to Dismiss and for Sanctions. ECF No. 5. No hearing is necessary. *See* Loc. Rule 105.6. For the following reasons, Defendants' Motion to Dismiss and for Sanctions shall be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs agreed to purchase Defendants' dry-cleaning business in 2006 for $410,000, paying an initial $65,000 and signing a confessed judgment promissory note for the remaining $345,000. ECF No. 1-2 ¶¶ 7-9. Plaintiffs also paid $85,000 in certified checks in addition to the monthly payments made on the note. *Id.* ¶¶ 10-11. In January 2014, a Maryland state court certified a notice of judgment against Plaintiffs, stating that they owed $79,731.66 on the note. ECF No. 1 at 5. Plaintiffs, however, allege that the notice of judgment did not take into account the $85,000 in lump sum payments, and that the debt is thus satisfied. ECF No. 1-2 ¶¶ 12.

Plaintiffs' allegations mirror those made by Plaintiffs in a 2017 action filed in Maryland state court and later removed to this Court in which Plaintiffs alleged unjust enrichment and fraud. *See* ECF No. 5-1 at 12-13. The Court dismissed both claims for failure to state a claim. *Id.* at 18-19. In the instant action, Plaintiffs seek only a declaratory judgment that the debt has been paid. ECF No. 1-2 ¶ 17.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th

Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. Finally, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

### III. DISCUSSION

As an initial matter, a motion to dismiss is "rarely appropriate in a declaratory judgment action." *120 W. Fayette St., LLLP v. Mayor & City Council of Baltimore City*, 413 Md. 309, 355 (Md. 2010). The Maryland Uniform Declaratory Judgments Act provides that "a court of record within its jurisdiction may declare rights, status, and other legal relations *whether or not further relief is or could be claimed*." Md. Code Ann. Cts. & Jud. Proc. § 3-403(a) (emphasis added). If a plaintiff "states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree." *Shapiro v. Bd. of Cty. Comm'rs*, 219 Md. 298, 302-03 (Md. 1959). Only when a complaint fails to allege a justiciable controversy is a motion to dismiss proper. *See Christ by Christ v. Md. Dep't of Nat. Res.*, 335 Md. 427, 435 (Md. 1994) ("It is proper to dismiss a declaratory judgment action only where there is a lack of jurisdiction or where a declaratory judgment is not an available or appropriate type of remedy.").

However, Defendant contends that Plaintiff's declaratory judgment claim is barred by the doctrine of *res judicata*. *Res judicata* precludes the "same parties from litigating a second lawsuit

3

on [1.] the same claim, or [2.] any other claim arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit." *Lizzi v. Washington Metro. Area Transit Auth.*, 384 Md. 199, 206 (Md. 2004).

Federal law requires federal courts to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *see also* 28 U.S.C. § 1738. To determine the preclusive effect of a state-court judgment, a federal court must "refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). "If state law would afford the judgment preclusive effect . . . then a federal court must engage in a second step—it must determine if Congress created an exception to § 1738." *In re Genesys Data Techs.*, 204 F.3d 124, 128 (4th Cir. 2000).

In Maryland, the elements of *res judicata* are:

(1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and, (3) that there has been a final judgment on the merits.

*Anne Arundel Cty. Bd. of Educ., v. Norville*, 390 Md. 93, 107 (Md. 2005). "The elements of *res judicata* under federal law are analogous to those under Maryland law." *Id*. at 108. Here, the first and third elements of *res judicata* are readily met. The parties are the same as those in the case in which the Maryland court entered judgment by confession on January 22, 2014. ECF No. 1 at 5. Furthermore, Maryland law considers confessed judgments to be final judgments on the merits, entitled to preclusive effect. *See Howard Oaks, Inc. v. Md. Nat'l Bank*, 810 F. Supp. 674, 676 (D. Md. 1993).

A claim is "identical" for the purposes of *res judicata* where it is "the same claim, or any other claim arising from the same transaction and that could have been—but was not—raised in

4

the first suit." *Lizzi*, 384 Md. at 206. Plaintiffs claim that $85,000 in payments made in 2006 were not credited to their promissory note, and that the judgment entered in 2014 did not take into account these payments. This claim could have been raised during the proceedings surrounding the 2014 entry of judgment; it was, in fact, raised in the 2017 action for unjust enrichment and fraud, ECF No. 5-1 at 12. Therefore, Plaintiffs may not relitigate the amount of the judgment entered in 2014.

Plaintiffs ask the Court to permit the amendment of the Complaint; it is unclear if they seek to do so to add factual allegations pursuant to the $85,000 payment or if they seek to allege that additional payments have been made subsequent to the 2014 entry of judgment. If Plaintiffs can plausibly allege the latter, the Court will allow 21 days for the filing of an Amended Complaint. Thus, the Court will dismiss this claim but the dismissal is without prejudice.[1]

### IV. CONCLUSION

Defendants' Motion to Dismiss and for Sanctions, ECF No. 5, is granted in part and denied in part. A separate Order shall issue.

Date: August 9, 2019      /s/_____
                          GEORGE J. HAZEL
                          United States District Judge

---

[1] Defendants seek sanctions in the form of attorney's fees and costs, claiming this lawsuit is frivolous and amounts to harassment. At this junction, the Court does not find that Plaintiffs' pursuit of a declaration of the status of the judgment is frivolous or harassing. The Motion for Sanctions is denied.